UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERROL K. ROBERTS and DAVID N. VERNORD,
individually and on behalf of all other similarly
situated persons,

                      Plaintiffs,

STERLING METS, L.P., QUEENS BALLPARK
COMPANY, L.L.C.. a/k/a QUEENS BALLPARK,
L.L.C., and ALPHA NY 3 INC.,

                      Defendants.
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

CV11-3778

BROOKLYN OFFICE

COMPLAINT

FLSA COLLECTIVE
ACTION AND RULE 23
CLASS ACTION MATSUMOTO

JURY TRIAL DEMANDED

Plaintiffs Errol K. Roberts and David N. Vernord, by and through their attorneys, on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek, for themselves and similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.    Plaintiffs also bring this action, on behalf of themselves and other employees similarly situated, to remedy violations of (i) the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiffs seek, for themselves and all other similarly situated employees, declaratory and injunctive relief, unpaid wages, unpaid overtime, unpaid

1

spread of hours premiums, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiffs' NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants maintain their principal places of business in, do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

6. Plaintiff Errol K. Roberts resides in the State of New Jersey. Plaintiff Roberts was employed by Defendants as a security guard from in or about April 2006 until April 2009, approximately.

7. Plaintiff David N. Vernord resides in the County of Kings in the State of New York. Plaintiff Vernord was employed by Defendants as a security guard from in or about June, 2004 until October 2009, approximately.

8. Upon information and belief, Defendant Sterling Mets, L.P., is a Delaware Limited Partnership doing business in Queens County with a registered address for service of process at 123-01 Roosevelt Avenue in Flushing, Queens.

9. Defendant Queens Ballpark Company, L.L.C., a/k/a Queens Ballpark, L.L.C., is a New York State Domestic Limited Liability Company doing business in Queens County with a registered address for service of process at 120-01 Roosevelt Avenue in Flushing, Queens.

10. Defendant Alpha NY 3, Inc. is a Florida Business Corporation doing business in Queens County with a registered address for service of process at Corporate Creations Network, Inc., 15 North Mill Street in Nyack, New York.

11. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendants owned and/or operated a stadium for the professional baseball team known as the "New York Mets".

13. Through the end of the 2008 baseball season, Defendants owned and/or operated a stadium known as "Shea Stadium" and held numerous entertainment and sports events there.

14. Since the start of the 2009 baseball season and onward, to date, Defendants owned and/or operated a stadium known as "Citi Field" and held numerous entertainment and sports events there.

15. At all times relevant hereto, Defendants employed Plaintiffs and others as security guards/officers in and/or for Shea Stadium and/or Citi Field.

16. Plaintiffs and other security guards/officers regularly worked for Defendants (i) as full and/or part time security guards/officers providing building security, according to scheduled eight-hour shifts ("Shift-Work"), and (ii) providing security at New York Mets games and/or other events held at Shea Stadium and/or Citi Field ("Games").

17. Plaintiffs' primary duties included, inter alia, securing and/or patrolling the interior and exterior of Shea Stadium and/or Citi Field and the surrounding areas, processing entrants to sports games and other events held at Shea Stadium and/or Citi Field, and maintaining order and security at Shea Stadium and/or Citi Field around the clock and during sports games and other events.

18. For their Shift-Work, Defendants paid Plaintiffs and the other security guards/officers an hourly rate of approximately $17 per hour.

19. While Plaintiffs and other security guards/officers were paid a flat rate of approximately $102 for Games, inasmuch as each game ordinarily involved Plaintiffs and the other security guards/officers working a six hour assignment, their hourly rates for Games were also approximately $17 per hour.

20. Upon information and belief, while Defendants at times paid Plaintiffs and other security guards/officers overtime premiums for Shift-Work that they worked in weeks when they worked in excess of 40 hours of Shift-Work, Defendants never counted Games that Plaintiffs and other security guards/officers worked in calculating the total number of hours worked per week for overtime purposes.

21. As a result, Plaintiffs and other security guards/officers were not compensated for overtime at a rate of one and one half times their hourly rates of pay for all of the hours that they worked in excess of 40 hours in a workweek.

22. For example, in the pay period ending April 29, 2007, Plaintiff Vernord worked 40 hours of Shift-Work and two Games (six hours each) for a total of approximately fifty-two hours of work. Despite working approximately 52 hours that week, Defendants failed to pay Plaintiff Vernord any overtime premiums that week. Defendants similarly failed to pay Plaintiff Roberts and other security guards overtime premiums for weeks in which they worked more than 40 hours.

23. Plaintiffs and other security guards/officers regularly worked 40 hours of Shift-Work per week, as well as Games, but they were not compensated at a rate of one and one half times their hourly rates of pay for all of the hours that they worked in excess of 40 hours in a workweek.

24. Although the amount of Shift-Work and Games worked by the Plaintiffs and other security guards/officers varied greatly, many of them worked at least 46 hours per week during the baseball season.

25. Plaintiffs often worked for Defendants more than 10 hours in a day but Defendants failed to pay Plaintiffs New York's spread of hours premium on workdays that they worked in excess of 10 hours.

26. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week and New York's spread of hours premium.

27. Upon information and belief, Defendants knew that the nonpayment of overtime premiums and New York's spread of hours premium would economically injure Plaintiffs, the FLSA Collective Plaintiffs and the Class Members, and that it violated the FLSA and the NYLL.

28. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a security guard/officer, during the three years prior to the filing of the Complaint in this case. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

30. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

31. Other security guards/officers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other security guards/officers to receive notice of the action and allow them to opt in to such an action if they so choose.

32. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

33. Plaintiffs bring the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid overtime pay and unpaid spread of hours premiums on behalf of all individuals employed in the State of New York by Defendants as security guards/officers, at any time during the six years prior to the filing of the Complaint in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

34. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the

hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under FRCP Rule 23.

35. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiffs believe that through discovery they will obtain evidence to establish that there substantially more than forty members of the Class.

36. Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for (i) overtime hours worked as required by 12 NYCRR § 142-2.2, and (ii) New York's spread of hours premiums on days that they worked in excess of 10 hours. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

37. As fellow employees of Defendants, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

38. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs have retained David Harrison, Esq. and David C. Wims., competent and experienced employment litigators.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

40. Upon information and belief, employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

41. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, (b) whether Plaintiffs and the Class Members are exempt employees, and (c) whether Defendants compensated the Class Members the spread of hours premium required under New York law on workdays that exceeded 10 hours.

42. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

43. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

44. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

45. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

46. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class)**

47. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

48. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

49. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

50. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to NYLL § 663.

51. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(Failure to Pay Premium for Work Past Ten Hours a Day – NYLL - Brought By Plaintiffs on Behalf of Themselves and the Class)**

52. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs.

53. Plaintiffs and the Class Members regularly worked more than 10 hours in a workday.

54. Defendants willfully and intentionally failed to compensate Plaintiffs and the Class Members one hour's pay at the basic New York minimum hourly wage rate for each day that they worked in excess of 10 hours, as required by the NYLL.

55. As a direct and proximate result of Defendants unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to NYLL § 663.

56. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid spread of hours pay, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves, and the FLSA collective Plaintiffs and members of the Class, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitted them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiffs as Representatives of the FLSA Collective Plaintiffs and class representatives of the Class;

(d) Designation of Plaintiffs' Counsel as Class Counsel for the FLSA Collective Plaintiffs and for the Class;

(e) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(f) Costs of action incurred herein, including expert fees;

(g) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

(h) Pre-Judgment and post-judgment interest, as provided by law; and

(i) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: August 4, 2011

Respectfully submitted,

**HARRISON, HARRISON & ASSOC., LTD.**

David Harrison (DH-3413)
14 Tindall Road,
Middletown, NJ 07748
Telephone: 718-799-9111
Facsimile: 718-799-9171
nycotlaw@gmail.com

**LAW OFFICES OF DAVID WIMS**
David C. Wims (DW-6964)
1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233
Telephone: 646-393-9550
Facsimile: 646-393-9552
davidwims@hotmail.com

*Attorneys for Plaintiffs, proposed FLSA Collective members, and proposed Class members*