UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERROL K. ROBERTS and DAVID N. VERNORD, Individually and on behalf of all other similarly situated persons,

                Plaintiffs,

-against-

STERLING METS, L.P., QUEENS BALLPARK COMPANY, L.L.C. a/k/a QUEENS BALLPARK L.L.C., and ALPHA NY 3 INC.,

                Defendants.

Case No. 11-CV-3778 (KAM) (VMS)

**SETTLEMENT AGREEMENT**

This Settlement Agreement, including all exhibits and schedules attached hereto (collectively, the "Agreement"), is entered into by and between Plaintiffs Errol Roberts and David Vernord (collectively, the "Named Plaintiffs"), together with the class of individuals and collective action members that they seek to represent (collectively, together with the Named Plaintiffs, the "Class Plaintiffs" or "Class Members") and Defendants Sterling Mets, L.P. ("SMLP"), Queens Ballpark Company, L.L.C. ("QBC") and Alpha NY 3, Inc. (improperly pled as "Alpha NY 3 Inc.") ("Alpha") (collectively "Defendants").

WHEREAS, the Named Plaintiffs filed a putative class and collective action Complaint in the United States District Court for the Eastern District of New York, *Roberts, et al., v. Sterling Mets, L.P., et al.*, Case No. 11-CV-3778 (KAM) (VMS) on August 4, 2011 (the "Complaint"); and

WHEREAS, the Complaint asserted class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") alleging, *inter alia*, that Defendants failed to pay overtime wages due under the NYLL

and FLSA, and sought recovery of unpaid wages, unpaid overtime, unpaid spread of hours premiums, liquidated damages, interest, and attorneys' fees and costs, as well as injunctive and declaratory relief under the NYLL and FLSA; and

WHEREAS, Defendants have denied and continue to deny all of the material allegations contained in the Complaint and have denied and continue to deny that they are liable or owe damages to any of the Named Plaintiffs or the other Class Plaintiffs with respect to the alleged facts or causes of action asserted in the Complaint; and

WHEREAS, in order to facilitate discussions of the possible settlement of this action, SMLP and QBC provided to the Named Plaintiffs voluminous business and payroll records relating to, among other things, the hours worked by and amounts paid to the Named Plaintiffs and the other Class Plaintiffs during their employment with SMLP and QBC; and

WHEREAS, SMLP, QBC, and the Named Plaintiffs, through their respective counsel, each analyzed certain business and payroll records relating to the Named Plaintiffs' and other Class Plaintiffs' claims for unpaid overtime wages; and

WHEREAS, on the basis of the afore-mentioned business and payroll records, and their analysis thereof, the attorneys for the Class Plaintiffs, Harrison, Harrison and Associates Ltd. and Law Offices of David Wims ("Class Counsel"), are satisfied that they have a sufficient basis to properly value the claims as alleged in the Complaint; and

WHEREAS, the parties have engaged in extensive discussions and negotiations in an effort to reach a resolution of Class Plaintiffs' claims in order to avoid prolonged and expensive litigation; and

WHEREAS, to that end, the Named Plaintiffs, SMLP and QBC participated in an eleven-hour private mediation proceeding on October 11, 2012, conducted by Vivian Berger, Esq., an experienced mediator; and

WHEREAS, Class Counsel have analyzed and evaluated the merits of the claims made against Defendants in the Complaint, as well as the impact of this Agreement on the Named Plaintiffs and the other Class Plaintiffs; and

WHEREAS, based upon Class Counsel's analysis of the business records and payroll data and related information and documents produced by SMLP and QBC and the applicable law, and recognizing the risks of continued litigation, including the risk that the Named Plaintiffs and other Class Plaintiffs might obtain no recovery or a recovery less favorable than, and/or comparable to, the recovery embodied in this Agreement, and that any recovery may not be obtained for several years, Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Named Plaintiffs and the other Class Plaintiffs; and

WHEREAS, without admitting or conceding any liability, the Parties hereto have agreed to settle this lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, risks, and uncertainty of proceeding with litigation;

NOW, THEREFORE, in exchange for and in accordance with the mutual covenants set forth below, it is hereby agreed as follows:

1. **Total Settlement Amount**

Defendant SMLP shall pay an amount not to exceed two hundred thirty-three thousand and fifty dollars ($233,050) and Defendant QBC shall pay an amount

not to exceed one hundred sixty-one thousand nine hundred fifty dollars ($161,950) for a total of three hundred ninety-five thousand ($395,000) dollars (the "Total Settlement Amount") which shall resolve and satisfy (i) any and all claims for alleged unpaid wages, unpaid overtime, unpaid spread of hours premiums, interest, and liquidated damages, and (ii) any and all claims for attorneys' fees and litigation costs and expenses, and all other expenses incurred by Class Counsel relating to the application to the Court for approval of this Agreement, the Service Awards, and attorneys' fees and litigation costs and expenses, and (iii) any and all Service Awards. Alpha shall not be required to pay any amounts to or on behalf of the Class Plaintiffs or otherwise contribute to the foregoing payments to be made by SMLP and QBC. Other than the employer payroll taxes ordinarily borne by employers, as set forth in paragraph 6(a) below, neither of Defendants SMLP and QBC shall be required to pay to or on behalf of the Class Members or Class Counsel more than its respective share of the Total Settlement Amount.

2. **Motion for Preliminary Approval of this Agreement**

On or before February 28, 2013, solely for the purpose of concluding a settlement of this action, Class Counsel, on behalf of the Named Plaintiffs, shall file with the Court a Motion for an Order Conditionally Certifying the Settlement Class and Preliminarily Approving the Class Action Settlement ("Motion for Preliminary Approval"), a proposed "Notice of Class Action Lawsuit, Settlement and Fairness Hearing" in the form of the attached Exhibit "A" hereto ("Notice of Settlement"), and a proposed Order Preliminarily Approving the Settlement. In the Motion for Preliminary Approval, *inter alia*, Named Plaintiffs will seek (i) conditional certification of a class, pursuant to Fed. R. Civ. P. Rule 23, comprising all individuals who were employed by

SMLP and/or QBC as security officers, security guards, special officers, guards, sergeants, or special patrolmen at any time during the Class Period (with "Class Period" defined as the period from August 4, 2005 through the date of the Court's Order granting Final Approval of this Agreement), who collectively constitute the "Class" or "Class Members" referred to in this Agreement, and (ii) preliminary approval of this Agreement and of the Notice of Settlement to be mailed to the Class Members, and setting the dates by which Class Members may opt-out of the Class or assert objections to the settlement. Defendants SMLP, QBC and Alpha will not oppose preliminary approval of this Agreement and of the Notice of Settlement.

3. **Notices to Class Members; Court Approval; Opt-Outs; Objections.**

(a) Within twenty (20) days following the execution of this Agreement, SMLP and QBC shall provide to Class Counsel a list, in electronic form, of the names and last known mailing addresses of all Class Members (the "Class Contact List").

(b) Within ten (10) days following the Court's Order preliminarily approving the settlement and this Agreement, SMLP and QBC shall mail the notices required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") to the appropriate state attorneys general, which notices shall be filed electronically with the Court.

(c) Within ten (10) days following the Court's Order preliminarily approving the settlement and this Agreement, Class Counsel shall mail, via First Class United States mail, postage prepaid, to each Class Member, the Notice of Settlement,

in the form approved by the Court, using the addresses set forth in the Class Contact List, which notice includes the following information: (i) a description of the claims asserted in this action; (ii) a statement that Defendants deny any liability whatsoever; (iii) a statement that Defendants encourage the Class Members to participate in this settlement and that Defendants will not retaliate against current or former employees who receive Individual Payments provided for in this Agreement; (iv) a general description of the terms of this Agreement and the process by which the Named Plaintiffs and SMLP and QBC reached agreement upon such terms; (v) the dates by which a Class Member may opt-out of the Class or object to this settlement; (vi) a statement that upon the Court's Final Approval of this Agreement, except as to such rights or claims as may be created by this Agreement, Named Plaintiffs and all Class Members who have not timely opted-out of the Class fully release and discharge Defendants, and their present and former parent, subsidiary, related and affiliated companies, and their respective current or former members, partners, shareholders, subsidiaries, owners, joint venturers, officers, directors, employees, attorneys, consultants, contractors, co-employers, agents, representatives, successors and assigns, in such capacity (collectively, the "Defendants' Releasees"), of and from any and all claims, liabilities, demands or causes of action, known or unknown, that he/she may have against the Defendants' Releasees for unpaid wages, unpaid overtime, unpaid spread of hours premiums, liquidated damages, interest, and attorneys' fees and costs and expenses, or for injunctive or declaratory relief, for or arising out of the performance of labor or services as a security officer, security guard, special officer, guard, sergeant, or special patrolman employed by SMLP and/or by QBC during the Class Period, whether pursuant to any written or oral contract,

written or oral promise or other understanding, or pursuant to any federal, state, or local rule, regulation or law, concerning wages and hours, including without limitation claims under the FLSA and NYLL, arising at any time from the beginning of time up to and including the date of Final Approval of this Agreement; and (vii) a description of the process that will be followed in connection with the application of Class Counsel for Final Approval of this Agreement, including the date, to be determined by the Court, of the hearing in connection with such application (the "Fairness Hearing"). If any mailings are returned, Class Counsel shall endeavor to ascertain, and mail the Notice of Settlement to, a current address for each such Class Member. To those Class Members who are no longer employed by either SMLP or QBC (as listed in the Class Contact List), Class Counsel will mail, along with the Notice of Settlement, a blank IRS Form W-4, to be completed and returned to Defendants' Counsel; any such Class Member who fails to provide the Defendants with a signed W-4 form shall be deemed to have elected a filing status of single with zero withholding exemptions.

    (d) Any Class Member may request exclusion from the Class by "opting out." Class Members who choose to do so must mail a written, signed statement that he or she is opting out of the Settlement ("Opt-Out Statement"). To be effective, such Opt-Out Statements must be sent to Class Counsel via First Class United States Mail, postage prepaid, and must be postmarked by a date certain to be specified on the Notice of Settlement, which date will be thirty (30) days after Class Counsel mails the Notice of Settlement. Any Class Member who files an Opt-Out Statement shall not be entitled to any payment or other relief hereunder. Class Counsel shall file all such Opt-

Out Statements with the Court and serve a copy of them on Defendants' Counsel. A Class member who does not opt out, pursuant to this Section 3(d) is eligible for a payment hereunder, as provided for herein.

(e) Any Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first set them forth in a written statement and mail it to both Class Counsel and Defendants' Counsel via First Class United States Mail, postage prepaid. Objections must be postmarked by a date certain to be specified on the Notice of Settlement, which date will be thirty (30) days after Class Counsel mails the Notice of Settlement. No later than fifteen (15) days before the Fairness Hearing, Class Counsel shall file with the Court all objections received. An objector also has the right to appear at the Fairness hearing either in person or through his or her counsel, if his/her written objections so states. An objector may withdraw his/her objections at any time. Any Class Member who has submitted an Opt-Out Statement may not submit objections to the settlement. Named Plaintiffs and Defendants may file with the Court a written response to any filed objection(s) not later than ten (10) days before the Fairness Hearing.

(f) Not later than fifteen (15) days before the Fairness Hearing, Named Plaintiffs shall file a Motion for Final Approval of this Agreement requesting that the Court shall, among other things, (i) finally certify the Class for purposes of settlement, (ii) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted-out pursuant to Section 3(d); (iii) enter an order permanently enjoining all Class Members who have not timely opted-out from pursuing and/or seeking to reopen claims that have been released by this Agreement,

and (iv) enter Judgment in accordance with this Agreement (with the entry of an Order of the Court providing for the matters addressed in clauses (i) through (iv) being referred to herein as "Final Approval"). Defendants shall not object to the Motion for Final Approval of this Agreement or to Final Approval of this Agreement.

(g) Upon the Court's Final Approval of this Agreement, except as to such rights or claims as may be created by this Agreement, Named Plaintiffs and all Class Members who have not timely opted-out of the Class fully release and discharge the Defendants' Releasees of and from any and all claims, liabilities, demands or causes of action, known or unknown, that he/she may have against the Defendants' Releasees for unpaid wages, unpaid overtime, unpaid spread of hours premiums, liquidated damages, interest, and attorneys' fees and costs and expenses, or for injunctive or declaratory relief, for or arising out of the performance of labor or services as a security officer, security guard, special officer, guard, sergeant, or special patrolman employed by SMLP and/or by QBC during the Class Period, whether pursuant to any written or oral contract, written or oral promise or other understanding, or pursuant to any federal, state, or local rule, regulation or law, concerning wages and hours, including without limitation claims under the FLSA and NYLL, arising at any time from the beginning of time up to and including the date of the Order granting Final Approval.

4. **Allocation and Distribution of the Net Total Settlement Amount**

(a) The Net Settlement Amount is defined as the Total Settlement Amount less (i) the amount to be approved by the Court for attorneys' fees and litigation costs and expenses, including among other things all other expenses

incurred by Class Counsel relating to the application to the Court for approval of this Agreement, and (ii) the amount to be approved by the Court for Service Awards to the Named Plaintiffs.

(b) Each Class Member who does not timely opt out of the Class shall receive an individual payment ("Individual Payment"), in an amount equal to the Net Settlement Amount multiplied by that Class Member's Percentage Allocation Number (as set forth on Exhibit "B").

(c) Within twenty (20) days after the Court's Final Approval of this Agreement, Class Counsel shall deliver to Defendants' Counsel a schedule of each Class Members' Individual Payment. Such calculation of the Individual Payments in accordance with paragraph 4(b) above shall be final and binding on each Class Member and Defendants.

(d) Within ten (10) days following the Effective Date of this Agreement (as defined in paragraph 8 below), Defendants shall pay, to each Class Member who has not timely opted-out of the Class, a check for his/her Individual Payment, less applicable withholdings and deductions, by mailing it to each Class Member at his/her address listed on an updated Class Contact List, as updated by Class Counsel, following the mailing of the Notice of Settlement forms, which shall be provided by Class Counsel to Defendants' Counsel within three (3) business days following the Effective Date of this Agreement.

(e) Defendants shall serve on Class Counsel an affidavit of mailing of each check to each Class Member.

(f) In the event that either SMLP or QBC fails to make a payment within thirty (30) days of the date due as required by this Agreement (under paragraphs 4, 5 or 6) to any Class Member, SMLP or QBC, as the case may be, shall cure such failure within ten (10) days of receipt of written notice from Class Counsel to either SMLP or QBC, as the case may be (such notice to be mailed to CitiField, Flushing, NY 11368, Attn.: General Counsel) that the Class Member did not receive his/her payment.

(g) If any checks to the Class Members are not cashed within two hundred seventy (270) days following the date of mailing, Defendants may cancel such checks and shall pay such funds to a mutually agreed upon charitable organization registered under Section 501(c)(3) of the Internal Revenue Code.

5. **Service Awards**

(a) Class Counsel shall seek approval for the following incentive payments to the Named Plaintiffs for services rendered on behalf of the Class Members (the "Service Awards") to be deducted from the Total Settlement Amount: (i) eleven thousand five hundred ($11,500) dollars to Errol K. Roberts and (ii) six thousand five hundred ($6,500) dollars to David N. Vernord. Defendants shall take no position with respect to, and shall not oppose, Class Counsel's application for the Service Awards.

(b) Within ten (10) days following the Effective Date of this Agreement (as defined in paragraph 8 below), QBC and SMLP shall pay the Service Awards (with SMLP to pay 59%, and QBC to pay 41%, of the total amount of the Court-approved Service Awards), by sending them to Class Counsel by Overnight

4835-8099-8673.25

11

Mail. The Service Awards shall be paid in full without any withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

6. **Attorneys' Fees; Litigation Expenses**

(a) Class Counsel shall seek approval for an award, to be deducted from the Total Settlement Amount, of attorneys' fees and litigation costs and expenses, including all expenses incurred by Class Counsel relating to the application to the Court for approval of this Agreement, in an amount of one hundred thirty one thousand, six hundred sixty seven ($131,667) dollars, representing one third of the Total Settlement Amount. Defendants shall take no position with respect to, and shall not oppose, Class Counsel's application for such amount in fees and costs/expenses applications.

(b) Within ten (10) days following the Effective Date of this Agreement (as defined in paragraph 8 below), QBC and SMLP shall pay the attorneys' fees and litigation expenses approved by the Court (with SMLP to pay 59%, and QBC to pay 41%, of the total amount of the Court-approved attorneys' fees and litigation expenses), by sending a check payable to "Harrison, Harrison & Associates" to Class Counsel by Overnight Mail. Such attorneys' fees and litigation expenses shall be reported to the IRS on Form 1099.

7. **Payroll Taxes and Withholdings**

(a) Excluding the Service Awards, all Individual Payments to Class Members shall be subject to applicable payroll and withholding taxes, and Federal, State and City wage garnishments (*e.g.*, tax, child support). QBC and SMLP

4835-8099-8673.25

12

shall be responsible for, and shall pay, their respective obligations with respect to any and all applicable employer tax contributions associated with wage payments, including, but not limited to, the employer share of FICA, all of which shall be in addition to, and not be paid out of, the Total Settlement Amount.

(b) The Individual Payments shall be allocated fifty (50%) percent to allegedly unpaid wages and fifty (50%) percent to interest and liquidated damages.

8. **Effective Date**

(a) The Effective Date of this Agreement shall be the later of: (i) thirty (30) days after entry of an Order by the Court granting Final Approval of this Agreement, if no appeal of such Final Approval is then pending, or (ii) if an appeal of such Final Approval is then pending, the day after the Order is affirmed on appeal.

(b) If the Court declines to enter an Order granting Final Approval of this Agreement, the parties shall return to their positions prior to the execution of this Agreement and this Agreement shall be considered null and void and of no force or effect.

9. **Miscellaneous**

(a) Defendants will not retaliate in any manner against any current or former employee(s) who (1) filed a FLSA Consent to Sue form in this litigation, or (2) participates in the settlement provided for in this Agreement.

(b) Nothing contained in this Agreement shall be deemed an admission by Defendants of liability for the claims asserted in this action.

(c) The Parties have negotiated all the terms and conditions of this Agreement at arm's length. Defendants and the Named Plaintiffs have entered into this Agreement based on documents, data and information provided by SMLP and QBC to the Named Plaintiffs and based on calculations conducted by both counsel for the Parties.

(d) The parties have cooperated in the drafting of this Agreement and, as such, it shall not be construed against any party.

(e) All of the terms and conditions of this Agreement in the exact form set forth herein are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(f) This is a binding agreement, subject to approval by the Court, and may not be modified except by a writing executed by all of the parties hereto.

(g) The parties shall cooperate fully with each other and work together diligently and in good faith to obtain preliminary and Final Approval of this Agreement by the Court. Each of the Parties, upon the request of the other, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

(h) This Agreement arises from Class Members' employment within the State of New York and, as such, shall be interpreted, construed and governed by and in accordance with, the laws of the State of New York without regard to New York's choice of law principles.

(i) Following the Final Approval of this Agreement, the Court shall retain jurisdiction over the interpretation and implementation of this Agreement, as well as over any and all matters arising out of, or related to, this Agreement.

10. **Execution**

This Agreement may be executed in counterparts by facsimile signatures, which shall be acceptable as originals for all purposes.

Dated: New York, New York.
February 19, 2013

By: _____
Errol K. Roberts

By: _____
David N. Vernord

**HARRISON, HARRISON & ASSOC., LTD.**

By: _____
David Harrison

110 Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111

LAW OFFICES OF DAVID WIMS
David C. Wims

1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

Class Counsel

**STERLING METS, L.P.**

By: _____

**QUEENS BALLPARK COMPANY, L.L.C.**

By: _____

**ALPHA NY 3, INC.**

By: _____

**KAUFF McGUIRE & MARGOLIS LLP**

By: _____
Kenneth A. Margolis
Shelby A. Silverman

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendants
Sterling Mets, L.P. and Queens Ballpark Company, L.L.C.

4835-8099-8673.25

16

Dated: New York, New York.
February ____, 2013

STERLING METS, L.P.

By: _____
Errol K. Roberts

By: _____

QUEENS BALLPARK COMPANY, L.L.C.

By: _____
David N. Vernord

By: _____

HARRISON, HARRISON & ASSOC., LTD.

ALPHA NY 3, INC.

By: _____
David Harrison

By: _[signature]_____
    Corporate Counsel

110 Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111

KAUFF McGUIRE & MARGOLIS LLP

LAW OFFICES OF DAVID WIMS
David C. Wims

By: _____
Kenneth A. Margolis
Shelby A. Silverman

1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

Class Counsel

Attorneys for Defendants
Sterling Mets, L.P. and Queens Ballpark Company, L.L.C.

4835-8099-8673.25

16

Dated: New York, New York.
February 22, 2013

By: _____
    Errol K. Roberts

By: _____
    David N. Vernord

**HARRISON, HARRISON & ASSOC., LTD.**

By: _____
    David Harrison

110 Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111

LAW OFFICES OF DAVID WIMS
David C. Wims

1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

Class Counsel

**STERLING METS, L.P.**

By: _*[signature]*_____
    VICE PRESIDENT, SECURITY

**QUEENS BALLPARK COMPANY, L.L.C.**

By: _*[signature]*_____
    VICE PRESIDENT

**ALPHA NY 3, INC.**

By: _____

**KAUFF McGUIRE & MARGOLIS LLP**

By: _*[signature]*_____
    Kenneth A. Margolis
    Shelby A. Silverman

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendants
Sterling Mets, L.P. and Queens Ballpark Company, L.L.C.

Dated: New York, New York.
February _____, 2013

**STERLING METS, L.P.**

By:_____
    Errol K. Roberts

By:_____

By:_____
    David N. Vernord

**QUEENS BALLPARK COMPANY, L.L.C.**

By:_____

**HARRISON, HARRISON & ASSOC., LTD.**

**ALPHA NY 3, INC.**

By:_____
    David Harrison

By:_____

110 Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111

**KAUFF McGUIRE & MARGOLIS LLP**

LAW OFFICES OF DAVID WIMS
David C. Wims

1430 Pitkin Avenue, 2nd Floor
Brooklyn, NY 11233
(646) 393-9550

By:_____
    Kenneth A. Margolis
    Shelby A. Silverman

Class Counsel

950 Third Avenue, 14th Floor
New York, NY 10022
(212) 644-1010

Attorneys for Defendants
Sterling Mets, L.P. and Queens Ballpark Company, L.L.C.

4835-8099-8673.25

16

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: *Cheryl M Stanton*
Cheryl M. Stanton

10 Madison Avenue, Suite 400
Morristown, NJ 07960
(973) 656-1600

Attorneys for Defendant
Alpha NY 3, Inc.